IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HECTOR OSCAR MOLINA | § | |
| (BOP Register No. 49473-177), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-641-K-BN |
| | § | |
| M. UNDERWOOD, Warden, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Hector Oscar Molina, a federal prisoner, in custody at Volunteers of America – Hutchins at the time he initiated this action, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, requesting that the Bureau of Prisons ("BOP") "immediately recalculate [his] sentence in accordance with the First Step Act's amendment of the Good-Time Provision." Dkt. No. 3 at 8. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the habeas petition.

**Applicable Background, Legal Standards, and Analysis**

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). This statute "authorizes a district court to summarily dismiss a frivolous

habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). And, under the Rules Governing Section 2254 Cases in the United States District Courts – equally applicable "to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Molina was convicted of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; in November 2018, he was sentenced to 40 months of imprisonment; and, at the time of his sentencing, the Court ordered that Molina "receive credit for time in federal custody from June 21, 2016." *United States v. Molina*, No. 3:15-cr-163-K (01) (N.D. Tex.), Dkt. No. 274. BOP records available online reflect that his current projected release date is May 28, 2019.

The basis for Molina's request for relief appears to be that "[t]he First Step Act, enacted December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." *Schmutzler v. Quintana*, Civ. A. No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019). While

Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391,

amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010)[, ] this provision has not yet taken effect: Section 102(b)(2) of the Act specifically provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

*Id.* at *2 (denying similar Section 2241 petition in part on this basis).

Because the relief that Molina seeks under the First Step Act has not yet taken effect, it plainly appears that he is not entitled to relief pursuant to his habeas petition. *Cf. In re U.S. Bureau of Prisons, Dep't of Justice*, ___ F.3d ____, No. 18-50512, 2019 WL 1198107, at *4 (5th Cir. Mar. 14, 2019) ("Confusion sometimes arises ... when a defendant requests that the district court award credit for time served [prior to the date his federal sentence commences] and the court purports to grant or deny this request at sentencing. Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision. The sentencing court does 'retain residual authority' to consider a defendant's time in custody. If the court determines that the BOP will not credit a defendant's prior time served, the court can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines. But the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." (citations omitted)).

And, to the extent that Molina asserts equal protection and due process claims, *see* Dkt. No. 3 at 6,

[t]he law is clear that inmates are not a suspect class. As to the question

-3-

> of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. *See* 18 U.S.C. § 3624(b). It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

*Perez v. Zenk*, No. 04-CV-5069 (CBA), 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005) (citation omitted); *cf. Handley v. Chapman*, 587 F.3d 273, 281 (5th Cir. 2009) ("'The Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP.' In granting eligibility for early release, the BOP has broad discretion that precludes the possibility of a liberty interest in early release under § 3621. Without a liberty interest, there is no procedural due process claim." (citing *Richardson v. Joslin*, 501 F.3d 415, 418-20 (5th Cir. 2007); footnote omitted)).

## Recommendation

The Court should summarily dismiss Petitioner Hector Oscar Molina's petition for writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to

the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 19, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE